## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-2847 CAS (FMOx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | MARC L. GERMAIN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED v. J.C. PENNEY CO, ET. AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Daniel Germain | H. Marc Tepper |
| | Angela Padilla |

**Proceedings:** **DEFENDANTS LEVI STRAUSS & CO.'S AND J.C. PENNEY COMPANY, INC.'S MOTION TO DISMISS, MOTION FOR MORE DEFINITE STATEMENT AND MOTION TO STRIKE** (filed 5/08/09)

**DEFENDANT TOGRAM LLC'S MOTION TO DISMISS** (filed 5/08/09)

## I.    INTRODUCTION

On October 3, 2008, plaintiffs Marc L. Germain and Ann Germain filed a class action complaint in Los Angeles County Superior Court against defendants J.C. Penney Company ("J.C. Penney"); Levi Strauss & Co. ("Levi Strauss"); and Togram, LLC ("Togram") alleging that defendants ran a deceptive promotion in conjunction with the sale of Dockers men's apparel.

On March 24, 2009, plaintiffs filed a first amended complaint ("FAC") against defendants alleging claims for (1) violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, (2) violation of California's unfair competition law, Cal. Bus. & Prof. Code § 17200 et seq.; (3) violation of Cal. Bus. & Prof. Code § 17500 et seq.; and (4) breach of the implied covenant of good faith and fair dealing. On April 23, 2009, the action was removed to this Court pursuant to the Class Action Fairness Act of 2005.

On May 8, 2009, defendant Togram filed a motion to dismiss. Also on May 8,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2847 CAS (FMOx) | Date | July 6, 2009 |
|----------|------------------------|------|--------------|
| Title | MARC L. GERMAIN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED v. J.C. PENNEY CO, ET. AL. | | |

2009, defendants Levi Strauss and J.C. Penney filed a motion to dismiss, motion for more definite statement and motion to strike. On June 8, 2009, plaintiffs filed their oppositions. On June 22, 2009, defendants filed their respective replies. A hearing was held on July 6, 2009. After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II.    BACKGROUND

Plaintiffs allege that in the spring of 2007, defendants began advertising a "Round Trip Flight Voucher Promotion 2007." Plaintiffs allege that J.C. Penney was responsible for the "marketing, distribution and sale" of the Dockers apparel and the promotion at issue. FAC ¶ 4. Plaintiffs allege that Levi Strauss was responsible for the "manufacturing, marketing and distribution" of the Dockers apparel and the promotion at issue. FAC ¶ 5. Plaintiffs allege that Togram was responsible for the "creation, marketing, processing, and fulfillment" of the promotion at issue. FAC ¶ 6. Plaintiffs allege that advertisements for the promotion stated that consumers who purchased $125 of qualifying Dockers men's apparel at J.C. Penney stores or through JCP.com from June 3, 2007, to June 9, 2007, would receive a free round-trip airline ticket from select cities to one of the following destinations: Boston, New York City, Washington, D.C., Miami, Los Angeles, San Francisco, Las Vegas, Chicago, Orlando, or Dallas. Plaintiffs allege that when inquiring about the promotion, they were provided a submission form that included conditions and restrictions that were not listed in the advertisements.

Plaintiffs further allege that numerous consumers purchased qualifying Dockers apparel and completed the submission form in a timely manner with the required documentation. Plaintiffs allege that some consumers, such as plaintiffs, received a booking request form. Plaintiffs allege that the booking request form disclosed to consumers that they may not receive their first choice of selected dates and locations. Plaintiffs further allege that the booking request form also required the signature of consumers regarding the agreed to "Terms and Conditions" but that the booking request form gave no indication of where consumers could locate these "Terms and Conditions."

Plaintiffs further allege that though many consumers attempted to redeem the submission form for their free airline ticket, the majority, including plaintiffs, did not receive a ticket. Plaintiffs allege that, among other things, consumers were falsely

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2847 CAS (FMOx) | Date | July 6, 2009 |
|----------|----------------------|------|--------------|
| Title | MARC L. GERMAIN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED v. J.C. PENNEY CO, ET. AL. | | |

informed that the forms they submitted were not filled out correctly or were untimely, and were falsely told that selected dates and locations were unavailable. Plaintiffs further allege that some consumers who mailed in forms received no response whatsoever and that consumers who attempted to contact a representative by mail or phone thereafter received no response. Plaintiffs allege that certain consumers who submitted the submission form and booking request form but did not receive the airline ticket were instead offered $125 in cash or a dining certificate with a purported value of $150.

Plaintiffs allege that through various internet postings and communications with the Better Business Bureau, defendants learned of the problems consumers faced in receiving the round trip ticket. FAC at 11. Plaintiffs further allege that consumers have repeatedly faced this problem with similar promotions by defendants in which consumers would receive goods after purchasing qualified Dockers apparel: in 2006, where consumers were to receive a DVD player in a promotion by J.C. Penney and Levi Strauss; in 2007, where consumers were to receive a two night stay and two complementary dinners in a promotion by Levi Strauss and Togram; in 2008, where consumers were to receive a $75 gas card in a promotion by J.C. Penney and Levi Strauss. Id.

Plaintiffs allege that defendants have made no systematic effort to remedy the misrepresentations and problems associated with the promotion at issue or to provide a round trip airline ticket to consumers as promised. Id.

## III.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2847 CAS (FMOx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | MARC L. GERMAIN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED v. J.C. PENNEY CO, ET. AL. | | |

drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations.  Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990).

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted.  Fed. R. Civ. P. 15(a).  However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2847 CAS (FMOx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | MARC L. GERMAIN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED v. J.C. PENNEY CO, ET. AL. | | |

## III.   DISCUSSION

### A.   Defendant J.C. Penney and Levi Strauss' Motion to Dismiss

### 1.   Failure to plead allegations of fraudulent conduct with requisite specificity

Defendants argue that plaintiffs' claims pursuant to the CLRA and UCL sound in fraud and must be pled with particularity pursuant to Fed. R. Civ. P. 9(b). Mot. at 8 (quoting Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003)). Defendants contend that plaintiffs' claims sound in fraud because plaintiffs allege that defendants (1) represented that a transaction confers or involves rights, remedies, or obligations which it does not have or involve (2) concealed material information regarding the promotion; (3) engaged in unlawful, unfair and fraudulent acts; and (4) made or caused to be made false or misleading statements. Id. (citing FAC ¶¶ 31(e), 32, 37, 44). Defendants further contend that plaintiffs do not allege that specific statements were fraudulent, when those statements were made, or identify persons "responsible for those statements." Mot. at 8-9. Defendants argue that plaintiffs' allegations should be stricken or at a minimum be stated with more specificity. Mot. at 9.

Plaintiffs respond that Rule 9(b) does not apply to their allegations because their claims do not sound in fraud. Opp'n at 17. Plaintiffs further argue that the California Supreme Court recently stated that "to state a claim under either the UCL or the false advertising law . . . it is only necessary to show that 'members of the public are likely to be deceived.'" Opp'n at 17 (quoting In Re Tobacco II cases, 46 Cal. 4th 298, 312 (2009)). Therefore, plaintiffs contend that they are not required to meet the higher pleading standard applicable to a general fraud claim because their "fraud" claims are brought pursuant to the UCL and CLRA. Opp'n at 17-18 (citing In Re Tobacco II, 46 Cal. 4th at 312)..

Plaintiffs further respond that even if such a standard were required, the FAC is sufficient under Rule 9(b) because the defendant can "prepare an adequate answer from the allegations." Opp'n at 18 (quoting Wool v. Tandem Computer, Inc., 818 F.2d 1433 (9th Cir. 1987)). Plaintiffs argue that only major misrepresentations or omissions upon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2847 CAS (FMOx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | MARC L. GERMAIN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED v. J.C. PENNEY CO, ET. AL. | | |

which the fraud claim is based need to be pled. Opp'n at 18. Plaintiffs argue that the FAC alleges the roles that each defendant played in connection with the program, such as the marketing, distribution, and sale of the merchandise and creation, marketing, processing and fulfillment of the promotion. Opp'n at 19-20. Plaintiffs contend that these allegations provide defendants with sufficient notice of the claims against them to allow them to answer the FAC and prepare their defense. Opp'n at 20.

Defendants respond that the discussion of the scope of fraud actionable under the UCL in In Re Tobacco II cases does not obviate the federal pleading requirements applicable to fraud claims. Reply at 9 (citing Moore v. Brewster, 96 F.3d 1240, 1245-46 (9th Cir. 1996)).

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pled with particularity. Federal Rule of Civil Procedure 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d 1097, 1103-04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "'sounds in fraud'" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies solely on that conduct to prove a claim. Id. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Fed. R. Civ. P.] 9(b)." Id. However, where a plaintiff alleges claims grounded in fraudulent and non fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Fed. R. Civ. P. 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enterprises, 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, "[a]verments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged." Vess v. Ciba-Geigy Corp. U.S.A., 317 F.3d at 1106 (internal quotation marks and citations omitted). It is not sufficient to merely identify the transaction. Rather "[t]he plaintiff must set forth what is false or misleading about a statement and why it is false." Id. (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2847 CAS (FMOx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | MARC L. GERMAIN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED v. J.C. PENNEY CO, ET. AL. | | |

The Court concludes that plaintiffs' claims sound in fraud and that the heightened pleading standard of Rule 9(b) applies. Plaintiffs claims sound in fraud because they allege that defendants made false representations, concealed material information, and engaged in fraudulent conduct. Furthermore, the heightened pleading standard of Rule 9(b) applies to state law claims and the California Supreme Court's holding in In Re Tobacco II cases does not impact federal pleading requirements. Vess, 317 F.3d at 1103-04 ("[W]hile a federal court will examine state law to determine whether the elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement that the circumstances of the fraud must be stated with particularity is a federally imposed rule."); Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009) ("we have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL.").

However, the Court concludes that plaintiffs have met the heightened pleading standard of Rule 9(b). Plaintiffs have sufficiently identified "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enterprises, 476 F.2d 393, 397 (9th Cir. 1973). Plaintiffs allege that (1) J.C. Penney was responsible for the "marketing, distribution and sale" of the Dockers apparel and the promotion at issue; (2) Levi Strauss was responsible for the "manufacturing, marketing and distribution" of the Dockers apparel and the promotion at issue; and (3) Togram was responsible for the "creation, marketing, processing, and fulfillment" of the promotion at issue. FAC ¶¶ 4-6. It would be unreasonable for the Court to require plaintiffs to plead the specific involvement of each defendant in the scheme prior to discovery.[1]

## 2.   Defendants' Motion to Strike First Claim for Violations of the CLRA

Defendants argue that plaintiffs' first claim for violations of CLRA is unsupported by plaintiffs' factual allegations. Mot. at 9. Defendants contend that plaintiffs' factual

---

[1] Given the Court's conclusion that the FAC satisfies the heightened pleading standard of Fed. R. Civ. P. 9(b), the Court also concludes that the FAC satisfies the notice pleading standard of Fed. R. Civ. P. 8(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2847 CAS (FMOx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | MARC L. GERMAIN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED v. J.C. PENNEY CO, ET. AL. | | |

allegations do not even suggest that defendants (1) "misrepresented the source, sponsorship, approval or certification" of the goods at issue; or (2) "represented that the goods or services [were] of a particular standard, quality or grade, or that [the] goods [were] of a particular style or model, [when] they [were] of another"; or (3) "misrepresented the affiliation, connection, or association, with, or certification by, another." Mot. at 9. Defendants therefore contend that paragraphs 31(a), 31(b), and 31(d) should be stricken from the FAC. Mot. at 9.

Plaintiffs respond that detailed factual allegations of the FAC adequately support the three alleged violations of the CLRA that defendants argue should be stricken. Opp'n at 22. Plaintiffs contend that they have met the minimum threshold and have provided sufficient facts in support of their claim that would entitle them to relief. Opp'n at 22.

The Court concludes that paragraphs 31(a), 31(b), and 31(d) should be stricken from the FAC because those allegations, construed in the light most favorable to plaintiffs, cannot state a claim for violation of the provisions of the CLRA cited therein. Plaintiffs do not allege that defendants misrepresented the source, sponsorship, approval or certification" of the goods at issue; or (2) "represented that the goods or services [were] of a particular standard, quality or grade, or that [the] goods [were] of a particular style or model, [when] they [were] of another"; or (3) "misrepresented the affiliation, connection, or association, with, or certification by, another."

### 3. Plaintiffs' Second and Third Claims under the UCL

Defendants argue that the remedies available for a claim pursuant to the UCL are limited to injunctive relief and restitution. Mot. at 10. Defendants contend that plaintiffs have not stated any UCL claims because plaintiffs' allegations, even if taken as true, do not establish their entitlement to either restitution or injunctive relief. Mot. at 10 (citing Madrid v. Perot Sys. Corp., 130 Cal. App. 4th 440, 467 (2005)).

#### a. Restitution

Defendants contend that plaintiffs have not stated any claim for recoverable restitution and that the UCL cannot be used as an "all-purpose substitute for a tort or contract action." Mot at 10-11 (citing Korea Supply Co. v. Lockheed Martin Corp., 29

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2847 CAS (FMOx) | Date | July 6, 2009 |
|----------|----------------------|------|--------------|
| Title | MARC L. GERMAIN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED v. J.C. PENNEY CO, ET. AL. | | |

Cal. 4th 1134, 1150 (2003)). Defendants further contend that plaintiffs have not alleged any basis for restitution arising out of their purchase of Dockers merchandise because they received the goods that they paid for. Mot. at 1 (citing Hall v. Time Inc., 158 Cal. App. 4th 847, 857 (2008)). Defendants further argue that plaintiffs claim they did not receive something that was to be offered for free, for which there is no claim of restitution under the UCL. Mot. at 12.

Plaintiffs respond that they are entitled to restitution because defendants acquired the monies paid through unlawful conduct. Opp'n at 12. Plaintiffs argue that pursuant to Cal. Bus. & Prof. Code § 17203, the Court has broad authority to issue a restitution remedy to restore money or property, which was acquired from plaintiffs through unlawful, unfair or fraudulent statements, acts, or practices. Opp'n at 12- 13 (citing Bank of the West v. Superior Court, 2 Cal. 4th 1254 (1992)). Plaintiffs further argue that the fact that consumers may have gained some benefit from the merchandise is immaterial where the defendant sold the product by means of a false representation. Opp'n at 14 (citing People v. Fremont Life Ins. Co., 104 Cal. App. 4th 508, 531-32 (2002)). Plaintiffs contend that they seek return of all monies received by defendants as a result of their "unlawful, unfair and fraudulent" conduct, not the difference in price between the apparel received and its value. Opp'n at 13.

Defendants respond that plaintiffs claim that they expected to receive a free airline ticket after purchasing a certain amount of Dockers merchandise. Reply at 4. Defendants contend that this claim constitutes expectation damages and not restitution. Id. (citing Korea Supply Co., 29 Cal. 4th at 1144; Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc., 319 F. Supp. 2d 1059, 1080-82 (C.D. Cal. 2003)).

Restitution may be awarded in contract actions, but it is also available as a remedy to redress statutory violations. People v. Beaumont Inv., Ltd., 111 Cal. App. 4th 102, 134 (2003). In a suit for violation of the unfair competition law, "orders for restitution" are those "compelling a UCL defendant to return money obtained through an unfair business practice to those persons in interest from whom the property was taken . . . ." Id. Moreover, in contrast to contract restitution, statutory restitution is not solely "intended to benefit the [victims] by the return of money, but instead is designed to penalize a defendant for past unlawful conduct and thereby deter future violations."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2847 CAS (FMOx) | | Date | July 6, 2009 |
|----------|------------------------|--|------|--------------|
| Title | MARC L. GERMAIN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED v. J.C. PENNEY CO, ET. AL. | | | |

The Court concludes that plaintiffs are not entitled to restitution. Plaintiffs "are essentially seeking damages, not the return of money in which they have an identifiable property interest." Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc., 319 F. Supp. 2d 1059, 1082 (C.D. Cal. 2003). Plaintiffs have not "lost money or property" because they purchased Dockers merchandise, which they retained and used. See Hall v. Time Inc., 158 Cal. App. 4th 847, 857 (2008) (holding that plaintiff did not allege that defendant's conduct caused him to lose money or property for purposes of the UCL where plaintiff "did not allege he did not want the [merchandise] or [that the defendant's] alleged acts of unfair competition induced him to keep [merchandise] he otherwise would have retained."). Therefore, plaintiffs have failed to allege that they are entitled to restitution under the UCL. Clark v. Superior Court, 174 Cal. App. 4th 82, 87 (2009) ("private plaintiffs in actions under the unfair competition law may not receive damages.") (internal citations and quotations omitted).

### b.    Standing

Defendants further argue that plaintiffs lack standing to bring a claim under the UCL because they cannot show (1) that they suffered injury in fact and (2) that they lost money or property as a result of unfair competition or false advertising, as required by Proposition 64. Mot. at 14 (citing Buckland v. Threshold Enterprises, Ltd., 15 Cal. App. 4th 798, 817 (2007)). Defendants contend that because plaintiffs do not allege that they "lost money or property" recoverable as restitution, the second and third claims should be dismissed because plaintiffs lack standing to bring any UCL claim. Mot. at 15-16 (citing Hall, 158 Cal. App. 4th at 850, 855; Peterson, 164 Cal. App. 4th at 1592.)

Plaintiffs respond that they lost money when they purchased $125 or more of Levi Strauss apparel from J.C. Penney and filled out the appropriate claim forms, but did not receive a round trip airline ticket. Opp'n at 9. Plaintiffs claim that they no longer possess the money that defendants induced them to pay for the apparel and the round trip airline ticket and that such lost money meets the requirements of "ownerhipship interest" for restitution purposes. Opp'n at 9. Plaintiffs further argue that they lost additional money processing and mailing the required forms to defendants and that this additional expenses is an independent basis to have standing under the UCL. Opp'n at 9. Plaintiffs contend that the round trip airline ticket was an inseparable part of the benefit of the bargain, which induced Plaintiffs to purchase Levi Strauss apparel. Opp'n at 11 (citing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2847 CAS (FMOx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | MARC L. GERMAIN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED v. J.C. PENNEY CO, ET. AL. | | |

Aron v. U-Haul Co. Of California, 143 Cal. App. 4th 796, 802-803 (2006)).

Defendants respond that plaintiffs have not demonstrated that they "lost money or property" for the purposes of the UCL.  Reply at 2.  Defendant argues that plaintiffs claim they expected to receive a free airline ticket after purchasing a certain amount of Dockers merchandise.  Id. at 4.  Defendant contends that this claim constitutes expectation damages and not restitution.  Id.  (citing Korea Supply Co., 29 Cal. 4th at 1144; Nat'l Rural Telecomm. Coop. v. DIRECTV, Inc., 319 F. Supp. 2d 1059, 1080-82 (C.D. Cal. 2003)).  Defendant further contends that money expended in processing and mailing forms is not properly subject to restitution because that money was not paid to defendants.  Id. at 6.

Proposition 64, approved by the voters at the November 2, 2004, General Election, changed the standing requirements for a UCL claim to create a two-prong test: a private person now has standing to assert a UCL claim only if he or she (1) "has suffered injury in fact," and (2) "has lost money or property as a result of such unfair competition." Hall v. Time Inc., 158 Cal. App. 4th 847, 852 (2008)

As discussed supra, plaintiffs have not demonstrated that they "lost money or property" recoverable as restitution.  Furthermore, plaintiffs are not entitled to restitution of monies paid in processing and mailing forms because those monies were not paid to defendants.  See Inline, Inc. v. A.V.L. Holding Co., 125 Cal. App. 4th 895, 905 (2006). Therefore, plaintiffs' claims should be dismissed because plaintiffs lack standing to bring a UCL claim.  Citizens of Humanity, LLC v. Costco Wholesale Corp., 171 Cal. App. 4th 1, 22 (2009) ("Because remedies for individuals under the UCL are restricted to injunctive relief and restitution, the import of the requirement is to limit standing to individuals who suffer losses of money or property that are eligible for restitution.") (internal citations omitted).

## 4. Plaintiffs' Claim for Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendants contend that an implied covenant of good faith and fair dealing only arises in a contractual relationship.  Mot. at 16.  Gulf Ins. Co. v. TIG Ins. Co., 86 Cal App. 4th 422, 430 (2001)).  Defendants argue that plaintiffs fail to allege that a contract

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2847 CAS (FMOx) | Date | July 6, 2009 |
|----------|----------------------|------|--------------|
| Title | MARC L. GERMAIN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED v. J.C. PENNEY CO, ET. AL. | | |

existed, the type of contract, terms of the contract, parties to the contract, or what conduct constituted the breach of the contract terms or covenant.  Id.

Plaintiffs respond that they purchased the Dockers merchandise in responses to the promotion thereby creating a contractual relationship.  Opp'n at 20.  Plaintiffs argue that the FAC details the terms of the contracts including the purchase price necessary to receive a round trip airline ticket as well as the destination cities.  Opp'n at 20.  Plaintiffs further argues that the FAC included other terms and conditions of the promotion, which consumers had to comply with to obtain the promised benefit.  Opp'n at 21.

The Court concludes that plaintiffs' fourth claim for breach of the implied covenant of good faith and fair dealing should be dismissed because plaintiffs have failed to allege (1) that a contract existed; (2) any of the terms of such a contract; or (3) the parties to such a contract.  Without such allegations, plaintiffs cannot state a claim for breach of the implied covenant of good faith and fair dealing.  Gulf Ins. Co., 86 Cal App. 4th at 430 ("In the absence of a contractual relationship, no implied covenant claims may be stated.").

###     5.     Defendants' Motion to Strike Internet Postings and Prior Promotions

Defendants argue that the "internet postings" described in paragraph 19 of the complaint are unduly prejudicial and are not attributed to any specific author or source. Mot. at 17.  Defendants further argue that paragraph 21 of the FAC cites various unrelated promotions and that the allegations are "immaterial" and "impertinent" to the instant action because they concern conduct in connection with entirely separate promotions.  Mot. at 18 (citing Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993)).

Plaintiffs respond that these internet postings are included in the FAC to provide "factual support for Plaintiffs' contention that numerous other consumers suffered from similar actionable wrongdoing with respect to [the promotion]."  Opp'n at 20.  Plaintiffs further respond that internet postings about other promotions provide further factual support for plaintiff's request for injunctive relief.  Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2847 CAS (FMOx) | Date | July 6, 2009 |
| --- | --- | --- | --- |
| Title | MARC L. GERMAIN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED v. J.C. PENNEY CO, ET. AL. | | |

The Court concludes that these allegations should not be stricken because they provide support for plaintiffs' claim for injunctive relief.

**B.    Defendant Togram's Motion to Dismiss**

**1.    Alleging Fraud with Particularity**

As further discussed supra, plaintiffs have pled their claims with particularity as required by Fed. R. Civ. P. 9(b).

**2.    CLRA Notice Requirements**

Defendant argues that plaintiffs failed to follow the proper procedures under the CLRA by failing to send a written notice to all defendants 30 days prior to commencing suit.[2] Mot. at 7 (citing Cal. Civ. Code § 1782). Defendant further argues that because plaintiffs failed to strictly comply with the CLRA's notice requirements, their CLRA claim should be dismissed with prejudice. Mot. at 7 (citing Cattie v. Walmart Stores, Inc., 504 F. Supp. 2d 939, 949 (S.D. Cal. 2007)).

Plaintiffs respond that they fully complied with the notice provisions before

---

[2] Defendant claims that plaintiffs failed to meet the written notice requirement of Cal. Civ. Code § 1782

(a) Thirty days or more prior to the commencement of an action for damages pursuant to this title, the consumer shall do the following:

(1) Notify the person alleged to have employed or committed methods, acts, or practices declared unlawful by § 1770 of the particular alleged violations of § 1770;

(2) Demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of § 1770.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2847 CAS (FMOx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | MARC L. GERMAIN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED v. J.C. PENNEY CO, ET. AL. | | |

bringing their CLRA claim. Opp'n at 9. Plaintiffs argue that on December 24, 2008, plaintiffs gave written notice to all defendants of the alleged violations fo the CLRA and demanded that they "correct, repair, replace or otherwise rectify the goods or services alleged to be in violation of the Section 1770." Opp'n at 9-10. Plaintiffs further argue that they waited for the expiration of the 30 day notice period before filing the FAC. Opp'n at 10. Plaintiffs further contend that the statute itself allows a plaintiff who first asserts a claim for injunctive relief to later amend the complaint to add a claim for damages following compliance with the notice provisions.[3] Opp'n at 10 (citing Cal. Civ. Code § 1782(a)). Opp'n at 10. Plaintiffs further argue that courts have disagreed with the strict application of the notice provision. Opp'n at 11 (citing <u>Deitz v. Comcast Corp.</u>, 2006 WL 3782902 (N.D. Cal. 2006); <u>Keilholtz v. Superior Fireplace Co.</u>, 2009 WL 839076 (N.D. Cal. 2009)).

Defendant responds that plaintiffs' notice was "perfunctory at best" because it (1) does not make any allegations regarding the value or quality of the goods or the actual damages incurred by plaintiffs; and (2) is addressed to all defendants and does not provide notice to any particular defendant of any alleged wrongdoing. Reply at 7.

The Court concludes that plaintiffs' notice was adequate. Defendant appears to acknowledge that it received proper notice, but argues that the notice was "perfunctory at best." Reply at 7. Section 1782 requires a plaintiff under the CLRA to "[n]otify the person alleged to have employed or committed methods, acts, or practices declared unlawful by Section 1770 of the particular alleged violations of Section 1770." Cal. Civ. Code § 1782. Plaintiffs allege that on December 24, 2008, they provided notice to each defendant "specifying the particular violations, and demanding that defendants rectify the illegal acts within 30 days." FAC ¶ 34. At this stage of the proceedings, the Court must

---

[3] Plaintiffs cite to Cal. Civ. Code § 1782(d)

An action for injunctive relief brought under the specific provisions of § 1770 may be commenced without compliance with subdivision (a). Not less than 30 days after the commencement of an action for injunctive relief, and after compliance with subdivision (a), the consumer may amend his or her complaint without leave of court to include a request for damages.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-2847 CAS (FMOx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | MARC L. GERMAIN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED v. J.C. PENNEY CO, ET. AL. | | |

take plaintiffs' allegations as true and cannot conclude that the notice was inadequate.

### 3. Defendant 's Motion to Dismiss Second and Third Causes of Action under the UCL

Defendant argues that plaintiffs cannot obtain restitution from any defendant because plaintiffs received the merchandise they purchased.  Id. at 10.  Moreover, defendant argues that injunctive relief is not available because plaintiffs do not allege ongoing or recurring conduct.  Id.

As further discussed supra, the Court concludes that plaintiffs have not properly alleged a claim for restitution and do not have standing to bring a UCL claim for restitution and injunctive relief.

### 4. Defendant's Motion to Dismiss Plaintiffs' Claim for Breach of Implied Covenant of Good Faith and Fair Dealing

Defendant argues that plaintiffs have not properly alleged a claim for breach of the implied covenant of good faith and fair dealing because they have not alleged that they entered into a contractual relationship with defendant.  Mot. at 11.

As further discussed supra, the Court concludes that plaintiffs have properly alleged a claim for breach of the implied covenant of good faith and fair dealing.

## IV.   CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendants Levi Strauss and J.C. Penney's motion to dismiss plaintiffs' second, third, and fourth claims. The Court further GRANTS defendants Levi Strauss and J.C. Penney's motion to strike paragraphs 31(a), 31(b), and 31(d) of the FAC.  The Court further DENIES defendants Levi Strauss and J.C. Penney's motion to dismiss plaintiff's first claim.

The Court further GRANTS defendant Togram's motion to dismiss plaintiffs' second, third, and fourth claims.  The Court further DENIES defendant Togram's motion to dismiss plaintiff's first claim.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-2847 CAS (FMOx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | MARC L. GERMAIN, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED v. J.C. PENNEY CO, ET. AL. | | |

Plaintiffs shall have thirty (30) days to file a second amended complaint.

IT IS SO ORDERED.

|  | 00 | : | 11 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |